# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

Alisabeth Lancaster,

    Plaintiff/Movant,

AmSher Collection Services, Inc.; and DOES 1-10, inclusive,

    Defendants.

## COMPLAINT

For this Complaint, the Plaintiff, Alisabeth Lancaster, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and repeated violations of the Colorado Fair Debt Collection Practices Act, Colo. Rev. Stat. § 12-14-101, *et seq.* ("CFDCPA") by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Alisabeth Lancaster ("Plaintiff"), is an adult individual residing in

Westminster, Colorado, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant AmSher Collection Services, Inc. ("AmSher"), is a Alabama business entity with an address of 600 Beacon Parkway West, Suite 300, Birminghan, Alabama 35209, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by AmSher and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. AmSher at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to TMobile (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to AmSher for collection, or AmSher was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. AmSher Engages in Harassment and Abusive Tactics

### FACTS

12. AmSher sent a letter to Plaintiff dated March 15, 2011 and placed a call to

2

Plaintiff on the same day, in an attempt to collect the Debt.

13. In response to AmSher's attempts to collect the Debt, Plaintiff mailed a letter ("the Letter") to AmSher via certified mail on March 21, 2011.

14. AmSher received the Letter on March 25, 2011.

15. The Letter states that Plaintiff has already disputed the Debt directly with the Creditor in the past and that the Creditor has acknowledged that the alleged Debt has been fully satisfied.

16. Further, the Letter states, "You [AmSher] do not have permission to contact me on my cell phone. You may remit correspondence through the mail."

17. AmSher continued to place several calls to Plaintiff's cellular telephone in an attempt to collect despite receiving the Letter in which Plaintiff explicitly requests that AmSher not do so.

18. AmSher did not cease placing calls to Plaintiff's cellular telephone until April 11, 2011, at which point Plaintiff sent a letter to AmSher which states that Plaintiff has retained legal representation and requests, once again, that AmSher cease placing calls to her.

19. AmSher's calls to Plaintiff's cellular telephone were placed by an automated dialing system.

20. During some phone calls placed by AmSher to Plaintiff, there was complete silence when Plaintiff answered the phone.

C. **Plaintiff Suffered Actual Damages**

21. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22. As a direct consequence of the Defendants' acts, practices and conduct, the

Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

23. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FEDERAL FAIR DEBTCOLLECTION PRACTICES ACT - 15 U.S.C. § 1692,** *et seq.*

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

26. The Defendants' conduct violated 15 U.S.C. § 1692c(c) in that Defendants contacted the Plaintiff after having received written notification from the Plaintiff to cease communication.

27. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

28. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

29. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE COLORADO FAIR DEBTCOLLECTION PRACTICES ACT
## Colo. Rev. Stat. § 12-14-101, et seq.

31. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The Plaintiff is a "consumer" as defined by Colo. Rev. Stat. § 12-14-103(4).

33. The Defendants are a "collection agency" and "debt collectors" as defined by Colo. Rev. Stat. § 12-14-103(2) and (7).

34. The Defendants communicated with the Plaintiff in connection with the collection of a debt at an unusual time, place, or manner which they knew or should have known to be inconvenient to the Plaintiff, in violation of Colo. Rev. Stat. § 12-14-105(1)(a).

35. The Defendants communicated with the Plaintiff in connection with the collection of a debt after having been notified in writing that the Plaintiff refused to pay the debt or that the Plaintiff wished the Defendants cease further communication with the Plaintiff, in violation of Colo. Rev. Stat. § 12-14-105(3)(a).

36. The Defendants caused the Plaintiff's telephone to ring or engaged the Plaintiff in telephone conversations repeatedly or continuously with the intent to annoy, abuse, or harass the Plaintiff, in violation of Colo. Rev. Stat. § 12-14-106(1)(e).

37. The Defendants used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of Colo. Rev. Stat. § 12-14-107(1).

38. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the CFDCPA, including every one of the above-cited provisions.

39. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT III
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

40. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. Without prior consent the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

42. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

43. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in his favor and against the Defendants as follows:

1. Against the named Defendants, jointly and severally, awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1) or Colo. Rev. Stat. § 12-14-113(1)(a);

2. Against each of the named Defendants, awarding Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) or Colo. Rev. Stat. § 12-14-113(1)(b);

3. Against the named Defendants, jointly and severally, awarding Plaintiffs recovery of his litigation costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Colo. Rev. Stat. § 12-14-113(1)(c);

4. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

5. Granting Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 3, 2011

Respectfully submitted,

By __/s/ Lark H. Fogel_____

Lark H. Fogel, Esq.
Bar Number: 030383
PO Box 2486
Elizabeth, Colorado 80107
(303) 596 4838
larklaw19@yahoo.com
Attorneys for Plaintiff

Of Counsel To:

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (888) 953-6237

Plaintiff:
Alisabeth Lancaster
11484 W. 105th
Westminster, CO 80021